IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01456-PAB-KLM

TRACY L. ZUBROD, Trustee for the Bankruptcy Estate of Kellee D. Wertz, n/k/a
Kellee D. Escobar-Romero,

     Plaintiff,

v.

BURRIS COMPANY, INC., a Delaware Corporation,

     Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Dismiss Plaintiff's First Amended
Complaint [Docket No. 25] filed by defendant Burris Company, Inc. ("Burris").  Plaintiff
asserts claims for relief for retaliation under the Age Discrimination and Employment
Act, 29 U.S.C. § 621 et seq., and retaliation under Title VII of the Civil Rights Act, 42
U.S.C. § 2000e et seq., on behalf of the Bankruptcy Estate of Kellee D. Wertz (the
"bankruptcy estate").  *See* Docket No. 23 at 11-13.  Burris seeks dismissal on the
grounds that plaintiff is judicially estopped from asserting her retaliation claims because
Ms. Wertz failed to disclose those claims to the bankruptcy court.  The Court has
jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  BACKGROUND

The Court recites only those facts that are relevant to the instant motion.  Ms.
Wertz filed for Chapter 7 bankruptcy on March 16, 2011.  *See* Bankruptcy Case No. 11-

15324-SBB (Docket No. 1).  In her petition, Ms. Wertz indicated that she did not have

any contingent or unliquidated claims of any nature.  *Id.* at 9.  On July 12, 2011, the

bankruptcy court issued an order discharging Ms. Wertz.  Bankruptcy Case No. 11-

15324-SBB (Docket No. 20).  On July 20, 2012, plaintiff[1] filed her Chapter 7 Trustee's

Final Account and Distribution Report.  *Id.* (Docket No. 26).  The report indicates claims

discharged without payment totaling $196,727.97.  *Id.* at 1.  The bankruptcy court

accepted plaintiff's report and closed Ms. Wertz's case on August 2, 2012.  *Id.* (Docket

No. 27).

On May 6, 2011, Ms. Wertz filed a Charge of Discrimination against Burris with

the Equal Employment Opportunity Commission ("EEOC").  Docket No. 23 at 2, ¶ 5.

The EEOC issued a probable cause determination on August 20, 2013 and issued a

Notice of Right to Sue on February 26, 2014.  *Id.*  Ms. Wertz filed this action on May 23,

2014.  Docket No. 1.  Ms. Wertz's complaint alleges that, soon after she began work

with defendant in July 2009, she witnessed "a corrupt corporate culture in which

discrimination, harassment and retaliation against employees on the basis of race, age

and gender was pervasive and utterly unchecked by anyone in the management

structure."  Docket No. 1 at 2, ¶ 7, 3, ¶ 11.  Ms. Wertz further alleges that, from autumn

2010 to December 2010, defendant terminated or targeted for termination multiple

employees due to their age, *id.* at 5, ¶¶ 31-33, and that, in the summer of 2010, Burris's

general manager, Steve Bennetts, instructed her to avoid hiring women who might

---

[1]Although Ms. Wertz initiated this action, as used in this Order, "plaintiff" refers to
Ms. Zubrod in her capacity as trustee for the bankruptcy estate.  The Court will also
refer to Ms. Zubrod as the "trustee."

become pregnant or individuals who were "too old."  *Id.* at 6, ¶ 40.  Ms. Wertz reported

the conduct to her superiors on multiple occasions dating back to at least July 2010,

*see id*. at 6, ¶¶ 35, 40, and alleges that, in July 2010, Mr. Bennetts "began a campaign

of berating, harassing and demeaning" her in retaliation for her complaints.  *Id.* ¶ 41.

Ms. Wertz alleged that this pattern continued until she resigned her employment with

Burris in December 2010.  *See generally id.* at 7-10, ¶¶ 48-68.

On July 17, 2014, Burris moved to dismiss Ms. Wertz's complaint on the ground

that Ms. Wertz's failure to disclose her retaliation claims to the bankruptcy court

judicially estopped her from asserting those claims.  *See* Docket No. 6.  Ms. Wertz

moved to reopen her bankruptcy case on August 18, 2014 and disclosed her claims in

this action to the bankruptcy court.  *See* Bankruptcy Case No. 11-15324-SBB (Docket

No. 28).  Plaintiff was reappointed trustee of the bankruptcy estate on September 12,

2014.  *Id.* (Docket No. 35).  On October 6, 2014, the trustee filed an application to

employ the law firm that filed this case on behalf of Ms. Wertz to represent the trustee

in this action.  *Id.* (Docket No. 38).  The trustee's contingency fee arrangement with the

firm provides that the law firm shall receive 40% of any amount collected by the trustee

and that the remaining proceeds are to be distributed as follows: 75% to Ms. Wertz and

25% to the bankruptcy estate.  *Id.* (Docket No. 38-3 at 1).  The trustee provided notice

of her application to appoint the law firm to Ms. Wertz's creditors on October 8, 2014.

*See id.* (Docket No. 40).  No objections were filed, *see id.* (Docket No. 43), and the

bankruptcy court granted plaintiff's application on November 5, 2014.  *Id.* (Docket No.

44).

Meanwhile, in this action, Ms. Wertz and the trustee jointly moved to substitute Ms. Zubrod as plaintiff on the ground that, since the trustee did not abandon Ms. Wertz's claims in this matter, the trustee was the real party in interest.  *See* Docket No. 21 at 4.  The Court granted the motion (Docket No. 22) and denied Burris's motion to dismiss as moot.  Docket No. 24.  The trustee filed a first amended complaint on October 17, 2014, Docket No. 23, and Burris filed the present motion, which repeats its argument that the trustee is judicially estopped from asserting her claims.

## II. ANALYSIS

"The doctrine of judicial estoppel is based upon protecting the integrity of the judicial system by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"  *Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)); *see also In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) ("Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process").  The Court considers whether "1) a party's later position is clearly inconsistent with its earlier position; 2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and 3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped."  *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1209 (10th Cir. 2011) (quoting *Bradford*, 516 F.3d at 1194 (internal quotations omitted)).

4

Burris argues that plaintiff should be estopped from pursuing this matter under an agreement that benefits Ms. Wertz and her attorneys more than her creditors. Docket No. 25 at 6.  Plaintiff responds that judicial estoppel does not bar a bankruptcy trustee from pursuing claims on behalf of the bankruptcy estate.  *See* Docket No. 26 at 6-7.  Burris replies that, notwithstanding the substitution of the bankruptcy trustee as plaintiff in this matter, judicial estoppel is appropriate because Ms. Wertz stands to benefit personally from this litigation under the terms of the contingency fee arrangement, which prejudices Ms. Wertz's creditors.  Docket No. 27 at 5-6.  Although Burris seeks dismissal of plaintiff's first amended complaint, in its reply, Burris states that "[a]t a minimum," the Court should issue an order that prohibits Ms. Wertz from personally recovering for her claims.  *Id.* at 7.

### A.  Ms. Wertz

Before taking up the issue of whether the trustee can be judicially estopped from asserting Ms. Wertz's discrimination claims, the Court considers whether Ms. Wertz would be estopped from asserting her claims.  First, the Court finds that Ms. Wertz has taken "clearly inconsistent" litigation positions.  *Mathews*, 649 F.3d at 1209.  In her voluntary bankruptcy petition filed on March 16, 2011, Ms. Wertz represented that she had no "contingent and unliquidated claims" of any nature.  Bankruptcy Case No. 11-15324-SBB (Docket No. 1 at 9).  However, Ms. Wertz claims that she was acutely aware of the discriminatory atmosphere at her workplace and resigned from her job in December 2010.  Docket No. 25 at 4.  In fact, the trustee claims that "it was Defendant's conduct, and the loss of Ms. Wertz's job, that forced her into bankruptcy in

5

the first place."  Docket No. 26 at 13.  On May 6, 2011, less than two months after her

representation to the bankruptcy court, Ms. Wertz filed a Charge of Discrimination with

the EEOC regarding discriminatory acts that she claimed occurred between July 2009

and December 2010.  Docket No. 25-3 at 2.  Shortly after the EEOC issued its Notice of

Right to Sue, Ms. Wertz initiated this lawsuit.  Ms. Wertz's representation to the

bankruptcy court about having no contingent or unliquidated claims and her

subsequently alleged discrimination claims are clearly inconsistent.  Second, the Court

finds that Ms. Wertz, in obtaining a discharge, succeeded in persuading the bankruptcy

court to adopt her clearly inconsistent position.  *Eastman v. Union Pac. R.R. Co.*, 493

F.3d 1151, 1160 (10th Cir. 2007) ("A discharge in bankruptcy is sufficient to establish a

basis for judicial estoppel, even if the discharge is later vacated") (citation and quotation

omitted).  Third, the Court finds that Ms. Wertz would gain an unfair advantage if she

were not estopped from pursuing this action, because she would be able to pursue the

litigation without the risk that the majority of her award would go to her creditors.  *See*

*Queen v. TA Operating LLC*, 734 F.3d 1081, 1092 (10th Cir. 2013).

Finally, the Court considers the trustee's statement that Ms. Wertz's failure to

disclose her claims was inadvertent.  *New Hampshire*, 532 U.S. at 753 ("it may be

appropriate to resist application of judicial estoppel when a party's prior position was

based on inadvertence or mistake").  The Court finds that, given the close temporal

proximity between Ms. Wertz's misrepresentation to the bankruptcy court and her

EEOC charge, Ms. Wertz's claimed inadvertence provides no excuse.  Ms. Wertz knew

of the conduct underlying her claims and had a motive to conceal her intent to pursue

those claims from the bankruptcy court.  *Eastman*, 493 F.3d at 1157 (approving of other

6

circuit court rulings that a debtor who conceals a claim from the bankruptcy court can only claim inadvertence or mistake when he or she "either lacks knowledge of the undisclosed claims or has no motive for their concealment") (citations omitted).  The trustee does not provide an affidavit from Ms. Wertz or any other facts that tend to support that her misrepresentation to the bankruptcy court was inadvertent.  *See Dzakula v. McHugh*, 746 F.3d 399, 401 (9th Cir. 2014) (rejecting excuse of inadvertence where a nondisclosing debtor "presented no evidence, by affidavit or otherwise, explaining her initial failure to include the action on her bankruptcy schedules").   Finally, the fact that Ms. Wertz was represented by counsel in her bankruptcy action further undermines her claimed inadvertence.  Whereas a pro se party filing a bankruptcy petition may be able to state plausibly that he or she did not understand the meaning of the representations made on bankruptcy schedules, a represented party can make no such claim.  *Cf. Cannon-Stokes v. Potter*, 453 F.3d 446, 448-49 (7th Cir. 2006) (noting that a represented debtor cannot excuse misrepresentation to the bankruptcy court by claiming good faith reliance on bad legal advice).

Because Ms. Wertz's conduct satisfies the three primary judicial estoppel factors and she cannot claim the excuse of inadvertence, Ms. Wertz would be judicially estopped from asserting her claims in this action.

### B.  The Trustee

The Court now considers the effect of the trustee's substitution as the plaintiff in this action.  The Tenth Circuit has not decided whether a debtor's actions empower a

court to apply judicial estoppel against a bankruptcy trustee who substitutes for the

debtor.  The Tenth Circuit has, however, noted in dicta that applying judicial estoppel to

dismiss the claims of a bankruptcy trustee is "quite likely . . . inappropriate, at least to

the extent [debtor's] personal injury claims were necessary to satisfy his debts."

*Eastman,* 493 F.3d at 1155, n.3.  Other circuits have found that an innocent trustee

may pursue an undisclosed claim where the debtor herself is estopped.  *See Reed v.*

*City of Arlington*, 650 F.3d 571, 573 (5th Cir. 2011) (en banc) ("absent unusual

circumstances, an innocent trustee can pursue for the benefit of creditors a judgment or

cause of action that the debtor fails to disclose in bankruptcy"); *Stephenson v. Malloy*,

700 F.3d 265 (6th Cir. 2012) (holding that a bankruptcy trustee can pursue a negligence

action even where the debtor is judicially estopped); *Biesek v. Soo Line R.R. Co.*, 440

F.3d 410, 413 (7th Cir. 2006) (noting that a claim that was not disclosed in bankruptcy

"belongs to the Trustee, for the benefit of [the debtor's] creditors," and that, if a court

estopped a trustee due to debtor's actions, creditors would be "hurt a second time").

    In most situations involving the substitution of a trustee for the non-disclosing

debtor, the trustee's focus on enhancing the estate for the benefit of creditors weighs

against applying judicial estoppel to the trustee.  But this is not a typical case.  Here, the

trustee has agreed that Ms. Wertz will be able to recover 75% of any judgment on her

discrimination claims after payment of attorney's fees.  In other words, the only

consequence for Ms. Wertz having failed to disclose her claims in the bankruptcy case,

an act that would otherwise cause the dismissal of her claims, is that her potential

recovery is reduced by 25%.  Perhaps the trustee had good reasons for cutting this deal

with Ms. Wertz.  Perhaps, for instance, offering Ms. Wertz 75% of any recovery was the

only way to gain her cooperation to prosecute claims that would undoubtedly require her personal involvement.  The Court does not know because the trustee has not explained the circumstances behind the contingency fee agreement.  Instead, the trustee relies on the fact that the agreement was disclosed to the creditors and the creditors did not object.  In this respect, the trustee is acting in the interests of the creditors, who are attempting to get whatever potential payments they can.  But neither the trustee nor the creditors are given the task of determining whether the integrity of the judicial process is upheld by such an arrangement.  That task is assigned to the Court.  For that reason, the trustee's claim that the Court should defer to her "authority and wisdom" in administering the bankruptcy estate, Docket No. 26 at 5, is misplaced. It is frequently true in the bankruptcy context that the application of judicial estoppel will hurt creditors, who otherwise may be able to share in any judgment in favor of the debtor or trustee.  But, as the Seventh Circuit noted in *Cannon-Stokes*, "[a] doctrine that induces debtors to be truthful in their bankruptcy filings will assist creditors in the long run (though it will do them no good in the particular case) – and it will assist most debtors too, for the few debtors who scam their creditors drive up interest rates and injure the more numerous honest borrowers."  453 F.3d at 448.

The Court agrees with the trustee that, under the circumstances here, it would be inappropriate to estop her from pursuing Ms. Wertz's discrimination and retaliation claims.  Such claims, if successful, will help pay Ms. Wertz's creditors.  *Eastman*, 493 F.3d at 1155 n.3 (reasoning that estoppel against a trustee is inappropriate "at least to the extent [the debtor's] . . . claims were necessary to satisfy his debts").  However, the same is not true of the trustee's decision to allow Ms. Wertz to participate in any

9

recovery in the event of a judgment in the trustee's favor.  The Supreme Court noted in *New Hampshire* that judicial estoppel is an equitable doctrine.  *New Hampshire*, 532 U.S. at 750.  The Court also noted that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation or principle."  *Id.*  Here, the fact that the trustee is allowing Ms. Wertz to keep 75% of any judgment or settlement after the payment of attorney's fees has the effect of undermining the integrity of the bankruptcy process.  *Queen*, 734 F.3d at 1087 (noting that the purpose of judicial estoppel is "to protect the integrity of the judicial process" and to "prevent improper use of judicial machinery") (quoting *New Hampshire*, 532 U.S. at 749-50).  Such an arrangement allows Ms. Wertz to gain the benefit of a discharge in the bankruptcy case and then, after her non-disclosure was discovered by Burris, to suffer a diminution of her potential recovery (assuming her arrangement with her attorneys contained the same 40% contingency fee as the trustee's agreement) of only 25%.  In *Anderson v. Seven Falls Co.*, No. 12-cv-01490-RM-CBS, 2014 WL 553486, at *8 (D. Colo. Feb. 12, 2014), the court applied judicial estoppel against a bankruptcy trustee to the extent the trustee intended to or agreed to pay any portion of the recovery to the debtor.  The court held that, while the trustee and the debtor's creditors could be made whole, a debtor who concealed her claim from the bankruptcy court should not be allowed any portion of the recovery.  *Id.*  The Court adopts this approach.  The trustee may pursue this action on behalf of the bankruptcy estate, but the trustee is estopped from paying any portion of the amount recovered to Ms. Wertz.[2]

---

[2]The Court's order disallowing any payment to Ms. Wertz does not disturb the trustee's agreement with retained counsel that they are entitled to 40% of any amount

**III.  CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that defendant Burris Company, Inc.'s Motion to Dismiss Plaintiff's

First Amended Complaint [Docket No. 25] is **GRANTED** in part and **DENIED** in part as

reflected in this Order.

DATED September 18, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

the trustee recovers in this litigation.